1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KHUONG Q. VO,                              No.  2:16-cv-2975-EFB P

12                 Petitioner,

13        v.                                     ORDER[1]

14   R. NDOH,

15                 Respondent.

16

17        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to

18   28 U.S.C. § 2254.[2]  He asks this court to reverse a ruling by the state court, which dismissed his

19   civil action that he filed in that court against the California Department of Corrections and

20   Rehabilitation.  His state court action was dismissed as barred by the statute of limitations.  *See*

21   ECF No. 1 at 15, 18.

22        Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct

23   a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  The court

24   must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to

25

26        [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
      § 636(b)(1) and is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636;
27   *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

28        [2] He has paid the filing fee.

relief . . . ." The court has conducted the review required under Rule 4 and concludes that summary dismissal of the petition is required.

Fundamentally, petitioner's claim does not sound in habeas because it does not concern the validity or duration of his confinement. *See Nettles v. Grounds*, No. 12-16935, 2016 U.S. App. LEXIS 13573 (9th Cir. July 26, 2016) (a prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus").

In addition, this is not the appropriate court for petitioner to seek review of the state court's dismissal of his civil case. Generally, federal courts lack jurisdiction to review or modify state court judgments. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041, 119 S.Ct. 592 (1998); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker—Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

Because this court lacks jurisdiction to review the state court's judgment, this action must be dismissed. *See Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

Accordingly, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is summarily dismissed and the court declines to issue a certificate of appealability.

DATED: April 27, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2